**Alfredo Tepexpa GENIS, Petitioner,**

v.

**Peter D. KEISLER,* Attorney General, Respondent.**

No. 06–71736.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Sept. 27, 2007.

CAS–District Counsel, Office of the District Counsel, Department of Homeland

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Edward C. Durant, Esq., Don G. Scroggin, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Alfredo Tepexpa Genis, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order upholding an Immigration Judge's ("IJ") order denying Genis' application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Genis did not meet the continuous physical presence requirement where Genis departed from the United States in 1996 and signed documents upon attempted re-entry (provided in English and Spanish) giving up his right to a hearing before an IJ and his right to apply for relief before an IJ, and agreeing to return to Mexico. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 974 (9th Cir.2003) (finding that "an alien who commits to departure in order to avoid deportation

proceedings is not entitled to continue accruing presence").

### PETITION FOR REVIEW DENIED.